# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
March 28, 2023
Lyle W. Cayce
Clerk

No. 23-50090

Kimberly D. Hogan,

*Plaintiff—Appellant*,

versus

Aspire Financial, Incorporated, *doing business as* Aspire Lending; Donald E. Uloth; Felicia Pitre, *Clerk of the Court*; Dallas County 162nd District Court; Melinda Thomas, *Court Coordinator*; Dallas 162nd District Court; Lisa Matz, *Appellate Court Clerk*; Dallas 5th Court of Appeals; Kristen Golby, *Deputy Clerk of the Court*; Supreme Court of Texas; Blake A. Hawthorne, *Clerk of the Court*; Supreme Court of Texas; John and Jane Does 1-100; Tyler Technologies,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:21-CV-892

UNPUBLISHED ORDER

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:

This court must examine the basis of its jurisdiction, on its own motion if necessary. *Hill v. City of Seven Points*, 230 F.3d 167, 169 (5th Cir.

No. 23-50090

2000). Pursuant to 28 U.S.C. § 2107(a) and Federal Rule of Appellate Procedure 4(a)(1)(A), the notice of appeal in a civil case must be filed within thirty days of entry of judgment.

In this breach of contract action, the district court entered final judgment dismissing the complaint on July 18, 2022. Therefore, the final day for filing a timely notice of appeal was August 17, 2022. Plaintiff's *pro se* notice of appeal was filed on January 31, 2023. When set by statute, the time limitation for filing a notice of appeal in a civil case is jurisdictional. *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007). The lack of a timely notice mandates dismissal of the appeal. *United States v. Garcia-Machado*, 845 F.2d 492, 493 (5th Cir. 1988).

Accordingly, the appeal is DISMISSED for want of jurisdiction